UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| LAURA JANE ROBINSON, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 1:25-cv-01524 |
| EXIST X, INC., | ) |
| GALOIS, INC., | ) |
| and | ) |
| ROBERT WILTBANK | ) |
| *Defendants*. | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS**
**PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants ExistX, Inc., Galois, Inc., and Robert Wiltbank (collectively, "Defendants"), by counsel, file this reply brief in support of Defendants' Partial Motion to Dismiss, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). Defendants' Partial Motion to Dismiss targeted areas of Plaintiff Laura Jane Robinson's ("Plaintiff") that were clearly factually and legally deficient (Mot. to Dismiss (ECF No. 22)). Despite established law foreclosing the claims identified in Defendants' Partial Motion to Dismiss, Plaintiff has filed a response opposing Defendants' Motion on every ground. (Pl.'s Resp. (ECF No. 26)).

In their Partial Motion to Dismiss, Defendants argued that the Court should dismiss Plaintiff's claim under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d) (Count III), and her claim under *Bowman*[1] (Count VI), as to <u>all</u> defendants. (Memo. in Support of Mot. to Dismiss

---

[1] *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985).

1

("Supporting Memo.") (ECF No. 23), at 1-3, 5-9). Defendants further argued that the Court should dismiss Plaintiff's claim under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h) (Count I); retaliation, in violation of the Virginia Whistleblower Protection Act ("VWPA"), Va. Code § 40.1-27.3 (Count II); and breach of contract (Count IV), as to Defendant Wiltbank specifically. (Supporting Memo, at 1-3, 9-12). Because Plaintiff's arguments fail to save her deficient claims, the Court should grant Defendants' Partial Motion to Dismiss in its entirety.

I. **Plaintiff's Claim Under the Equal Pay Act (Count III) is Entirely Speculative and Unsupported, and Should be Dismissed.**

In her Response Brief, Plaintiff agrees that she must plausibly allege three elements: "(1) the defendant-employer paid different wages to an employee of the opposite sex (2) for equal work on jobs requiring equal skill, effort, and responsibility, which jobs (3) all are performed under similar working conditions." *U.S. Equal Emp. Opportunity Comm'n v. Maryland Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018); (*see* Pl's Resp. at 5).[2]

Plaintiff first contends that she is not required to prove her case at the motion to dismiss stage. (Pl.'s Resp. at 5-6). To be sure, in the employment discrimination context, a Plaintiff is generally not required to plead facts to definitively establish a prima facie case to survive a Rule 12(b)(6) motion to dismiss. *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)). However, this does not—as Plaintiff believes—absolve her of any responsibility to adequately plead her claim. As the Fourth Circuit has made clear, a Plaintiff must still present "factual allegations . . . enough to raise a right to relief above the speculative level." *Id.* (quotation marks and bracket omitted). Plaintiff clearly fails to do so with respect to her EPA claim.

---

[2] In her Response Brief, Plaintiff tellingly omits from her citation of this case the requirement in element two that she demonstrate "equal work." *See U.S. Equal Emp. Opportunity Comm'n v. Maryland Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018); (*see* Pl's Resp. at 5).

In her response, Plaintiff confirms that her EPA claim is based entirely on her receiving only $30,000 of a possible $50,000 bonus. (Pl.'s Resp. at 7). In support of her claims, Plaintiff points to a scattershot of stray allegations in her Complaint—namely, ¶¶ 118-121, 120-126, 255-56, and 299-304. (*See* Pl.'s Resp. at 5-7). In these paragraphs, Plaintiff alleges that Mr. Wiltbank purportedly criticized her hiring decisions and expressed concern with Plaintiff hiring women, after which Plaintiff asserts in a conclusory fashion that she was undermined as CEO based on her sex. (*See* Compl. (ECF No. 1) at ¶¶ 118-121, 120-126). Other paragraphs that Plaintiff cites appear to relate to complaints allegedly made by third parties, entirely unrelated to Plaintiff. (*Id.* at ¶¶ 255-56). At bottom, the identified allegations have absolutely nothing to do with Plaintiff's pay, much less her pay relative to a male comparator performing equal work under similar conditions. Thus, these paragraphs, and Plaintiff's Complaint as a whole, are clearly inadequate to plead a claim under the Equal Pay Act.

Furthermore, by failing to allege a comparator, Plaintiff has failed to meet even the most basic requirement of an EPA claim, which—by its nature—requires a Plaintiff show that she was paid less for equal work under similar conditions ***relative to a comparator of the opposite sex***. As the Fourth Circuit has explained, the comparison under the EPA "must be made factor by factor with the male comparator." *Houck v. Virginia Polytechnic Inst. & State Univ.*, 10 F.3d 204, 206 (4th Cir. 1993). "The plaintiff may not compare herself to a hypothetical male with a composite average of a group's skill, effort, and responsibility, ***but must identify a particular male for the inquiry***." *Id.* (emphasis added). Instead, Plaintiff merely alleges, in a wholly conclusory and speculative fashion, that she was being paid less than hypothetical "[m]ale executives within ExistX or Galois." (*See* Compl. ¶ 302). Without identifying, or even attempting to identify, a male

comparator, Plaintiff's claim is plainly not cognizable and cannot succeed as a matter of law. *See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) ("[A] complaint must contain factual allegations sufficient to raise a right to relief above the speculative level." (brackets and quotation marks omitted)).

Finally, Plaintiff string cites several cases for the proposition that it is "it is inappropriate to dismiss a claim under Rule 12(b)(6) for an Equal Pay Act (EPA) violation solely based on the lack of a specifically identified comparator in the original complaint." (Pl.'s Resp. at 4-5). However, in many, if not all of these cited cases, the complaint had specifically identified comparators, making Plaintiff's reliance on these cases unavailing. *See, e.g., Robertson v. Virginia State Univ.*, No. 3:23CV777 (DJN), 2024 WL 1774821, at *4 (E.D. Va. Apr. 24, 2024) ("[T]he Complaint alleges that Duane Byrge, . . . a White man who served as a non-tenured Assistant Professor in the Department[,] made more money than did Plaintiff for similar work."); *Reardon v. Herring*, 191 F. Supp. 3d 529, 548 (E.D. Va. 2016) ("In the Complaint, Reardon identifies five male comparators, all of whom were AAG IIIs within Reardon's section at the OAG, Major Crimes and Emerging Threats."). Unlike *Robertson* and *Reardon*, Plaintiff makes no effort whatsoever to identify a comparator—the most basic precondition of an EPA claim.

Plaintiff's EPA claim raises the precise type of speculative and conclusory allegations that are the proper subject of a Rule 12(b)(6) motion. Therefore, the Court should dismiss her EPA claim as to all defendants with prejudice.

## II. Plaintiff's *Bowman* Claim (Count VI) Cannot Succeed as Pled, and She Cannot Raise a New Purported Basis for Her *Bowman* Claim During Briefing.

Plaintiff's attempts to save her *Bowman* claims are baseless. Plaintiff argues that Defendants "mischaracterize" her *Bowman* claim as attempting to rely on the FCA, the VWPA, Title VII, and the VHRA. (Pl.'s Resp. at 8). Defendants held this belief because Plaintiff said

4

precisely that in her Complaint:

> The public policies at issue in this case are grounded in: **The federal False Claims Act** (31 U.S.C. § 3729 et seq.) and its anti-retaliation provision (31 U.S.C. § 3730(h)), which protect individuals who investigate, object to, or refuse to participate in **The Virginia Whistleblower Protection Act** (Va. Code § 40.1-27.3), which prohibits retaliation against employees for reporting, in good faith, violations of federal or state law; and conduct that would result in presenting false or fraudulent claims to the federal government; **Federal and state anti-discrimination protections** under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and the Virginia Human Rights Act (Va. Code § 2.2-3900 et seq.), which prohibit discrimination and retaliation based on sex.

(Compl. at ¶ 323 (emphasis in original)). Indeed, in the very next paragraph, Plaintiff doubled down, stating "Plaintiff engaged in protected conduct *under these statutes*." (*Id.* at ¶ 324 (emphasis added)). Removing any doubt, Plaintiff concludes by stating, "Plaintiff's termination directly contravenes the clearly expressed public policies of the United States and the Commonwealth of Virginia, *as embodied in the above-referenced statutes*, and falls within the *Bowman* exceptions to the at-will doctrine." (*Id.* at ¶ 324 (emphasis added)). As Defendants explained, however, none of these statutes are permissible bases for a *Bowman* claim.  (Supporting Memo. at 7-9).

Likely recognizing that her position is incorrect, Plaintiff completely pivots and now argues that the Virginia Public Procurement Act ("VPPA") provides a basis for her *Bowman* claim. (Pl.'s Resp. at 9). However, "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013); *see Beasley v. Leabough*, No. 1:23-CV-1171 (RDA/WEF), 2025 WL 2524113, *1 n.10 (E.D. Va. Sept. 2, 2025) ("Plaintiff is bound by the allegations contained in [her] complaint and cannot, through the use of motion briefs, amend the complaint." (quotation marks omitted)); *Campbell ex rel. Equity Units Holders v. Am. Int'l Grp., Inc.*, 86 F. Supp. 3d 464, 472 n.9 (E.D. Va. 2015) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (quotation

5

marks omitted)).

Here, Plaintiff attempts to do precisely that. The VPPA was not mentioned once in Plaintiff's 328-paragraph Complaint, and Plaintiff is not permitted to move the goal post in briefing. Plaintiff's Complaint—as written—fails to state a claim as a matter of law. Indeed, Plaintiff concedes that the statutes she proposes in her Complaint, as written, are insufficient grounds for *Bowman* claim. (*See* Pl.'s Resp. at 10). Thus, the court should grant Defendant's motion to dismiss the *Bowman* claim as to all defendants with prejudice.[3]

**III. Plaintiff's Claims Under the False Claims Act (Count I), the Virginia Whistleblower Protection Act (Count II), and for Breach of Contract (Count IV) Should be Dismissed as to Defendant Wiltbank Specifically.**

Beginning with the FCA, Plaintiff posits that there is a purported circuit split as to whether individual liability is permitted under the FCA, then proceeds to provide little to no authority in support of individual liability. As noted in Defendant's Motion to Dismiss, numerous courts have held that § 3730(h) does not impose liability on individuals. (Supporting Memo. at 9); *see, e.g., United States ex rel. Strubbe v. Crawford Cnty. Mem'l Hosp.*, 915 F.3d 1158, 1167 (8th Cir. 2019) ("[N]umerous courts . . . hold that the FCA does not create individual liability."); *Howell v. Town of Ball*, 827 F.3d 515, 529-30 (5th Cir. 2016) (holding that retaliatory termination under § 3730(h) does not apply to individuals).

As an initial matter, Plaintiff contends that Defendants "misstate[] the holding" regarding *Howell* and that the FCA "does not appear to be mentioned at all" in that decision. (Pl.'s Resp. at 12). Plaintiff is wrong. In *Howell*, the underlying district court had dismissed plaintiff's FCA retaliation claim "after concluding that the relevant section of the FCA, 31 U.S.C. § 3730(h),

---

[3] Even if Plaintiff could amend her complaint through briefing, which she cannot, Plaintiff did not identify a single case supporting her new theory that there is a private right of action through *Bowman* under the VPPA. Defendants were likewise unable to find any support for her assertion. For this reason, Defendants pursue dismissal with prejudice of the *Bowman* claim.

6

created a cause of action against only the plaintiff's employer." *Howell*, 827 F.3d at 529. The Fifth Circuit acknowledged that the FCA removed the word "employer" but concluded that Congress did not intend to impose individual liability through that removal. *Id.* at 529-30; *see Strubbe*, 915 F.3d at 1167 (explaining the same). Thus, despite Plaintiff's assertion, *Howell* and *Strubbe* plainly support that there is no individual liability under § 3730(h).

The Eastern District of Virginia has likewise held that there is no individual liability under § 3730(h). In *Brach v. Conflict Kinetics Corp.*, this Court explicitly stated: "the text of § 3730(h), read as a whole, forecloses the argument that a supervisor may be sued in his individual capacity." 221 F. Supp. 3d 743, 749 (E.D. Va. 2016). In *Irving v. PAE Gov't Servs., Inc.*, this Court provided a lengthy explanation and analysis of FCA retaliation and likewise concluded that § 3730(h) does not allow for individual liability. 249 F. Supp. 3d 826 (E.D. Va. 2017) (finding the Fifth Circuit's decision in *Howell* "particularly instructive"). As this Court's decision in *Irving* made clear: "[T]he FCA, both before and after the 2009 Amendment, precludes individual liability for corporate employees, and therefore, plaintiff's FCA claims against [four individual] defendants . . . ***fail as a matter of law and must be dismissed***." *Id.* at 835. Because numerous courts provide that there is no individual liability under § 3730(h), including this Court, the Court should dismiss Plaintiff's FCA claim as to Mr. Wiltbank.

Turning to the VWPA, Plaintiff agrees that the VWPA defines the term employer by looking to Va. Code § 40.1-2 (defining "employer" as "an individual, partnership, association, corporation, legal representative, receiver, trustee, or trustee in bankruptcy doing business in or operating within this Commonwealth ***who employs another*** . . ." (emphasis added)). (Pl.'s Resp. at 14). Plaintiff proceeds to recount her allegations that Mr. Wiltbank performed a supervisory role over her. However, even if this was true, supervisory authority does not impose individual

7

liability—these are distinct concepts. In *Moschetti v. Off. of the Inspector Gen.*, this Court addressed the exact same question presented here and determined that individual liability was not appropriate under the VWPA because the individual did not "employ" the plaintiff. No. 3:22-cv-24–HEH, 2022 WL 3329926, at *10 (E.D. Va. Aug. 11, 2022) ("While Westfall supervised Moschetti at OSIG, he did not *employ* her within the meaning of the statute."). The Virginia Supreme Court has similarly held that the definition of "employer" in Va. Code § 40.1-2 does not apply to individuals. *See Cornell v. Benedict*, 301 Va. 342, 348 (2022); *see id.* at 351 (concluding that "narrow[] definition of 'employer'" in Va. Code § 40.1-2 demonstrated Virginia General Assembly's intent to omit individual liability from that definition, and dismissing plaintiff's individual claims). Because there is no individual liability under the VWPA, Plaintiff's claim under the VWPA fails as a matter of law against Mr. Wiltbank. Therefore, the court should grant Defendants' Partial Motion to Dismiss this claim as to Mr. Wiltbank.

Finally, Plaintiff's arguments concerning the breach of contract claim against Mr. Wiltbank largely misunderstand contract and agency principles. Defendant asserts that Mr. Wiltbank should be personally liable just because he, as alleged, participated in Plaintiff's hiring, signed Plaintiff's offer letter on behalf of ExistX, and was involved in decisions related to her employment. (*See* Pl.'s Resp. at 16-17). Plaintiff also suggests that individual liability under the VWPA can be imposed under theories of corporate veil piercing. (*Id.*). Plaintiff, notably, does not cite a single case in which a court pierced the corporate veil to apply the VWPA to a private defendant. Indeed, such a conclusion would be extremely odd, given that piercing the corporate veil is a doctrine relating exclusively to cases such as shareholder fraud or comingling of resources between individual and entity. *See, e.g.*, *C.F. Tr., Inc. v. First Flight L.P.*, 266 Va. 3, 10 (2003). In short, piercing the corporate veil is entirely irrelevant to Plaintiff's instant claims.

As expressed in Defendant's Motion to dismiss, Plaintiff's Complaint is exceedingly clear that "ExistX, Inc. tendered a formal offer of employment to Plaintiff for the role of Chief Executive Officer." (Compl. at ¶ 29). The offer letter likewise confirms that the offer is from ExistX, not Mr. Wiltbank personally. (Supporting Memo., Ex. 1, at 1). At bottom, there is no plausible interpretation of the offer letter, or application of common sense, that would permit the conclusion that Mr. Wiltbank signed the offer letter in his personal capacity. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that, when reviewing whether a complaint states a plausible claim, "the reviewing court [should] draw on its judicial experience and common sense." (quotation marks omitted)). Indeed, it is nonsensical—and entirely implausible—to conclude that Mr. Wiltbank, **as an individual**, had a legal duty under the offer letter to personally provide Plaintiff's salary, personally provide her with shares of ExistX stock, personally provide for her dental and vision insurance, or that he would personally contribute to her 401k, all of which are described in the offer letter. (*See* Supporting Memo., Ex. 1, at 1-2). Because Mr. Wiltbank clearly signed the letter in a representative capacity, Plaintiff categorically cannot prove breach of contract against Mr. Wiltbank specifically. Therefore, the court should dismiss Plaintiff's breach of contract claim against Mr. Wiltbank.

## CONCLUSION

Accordingly, Defendants respectfully request that the Court grant Defendants' Partial Motion to Dismiss Count III and Count VI as to all defendants with prejudice. Defendants further request that the Court grant Defendants' Partial Motion to Dismiss Count I, Count II, and Count IV as to Defendant Wiltbank specifically with prejudice.

Dated: December 9, 2025    Respectfully submitted,
    **EXISTX, INC.,**
    **GALOIS, INC.,** and

9

**ROBERT WILTBANK**

*/s/ Amy M. Pocklington*
Amy M. Pocklington (VA Bar No. 45233)
amy.pocklington@ogletreedeakins.com
Sebastian L. Brana (VA Bar No. 95703)
sebastian.brana@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC
901 East Byrd Street, Suite 1300
Richmond, VA  23219
Tel.: (804) 663-2330
Fax: (804) 225-8641

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December, 2025, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of same to counsel for Plaintiff:

Pamela Michelle Keith
pamkeith@centerforemploymentjustice.com
Ray Keith Gordineer, Jr.
raygordineer@centerforemploymentjustice.com
CENTER FOR EMPLOYMENT JUSTICE, LLC
650 Massachusetts Ave. NW, Suite 600
Washington, DC 20001
202-800-0292

Thomas J. Curcio (VSB #23016)
CURCIO LAW
700 North Fairfax Street, Suite 505
Alexandria, Virginia 22314
tcurcio@curciolaw.com
703-836-3366

*Counsel for Plaintiff*

/s/ *Amy Pocklington*
*Counsel for Defendants*