UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| LAURA JANE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01524-RDA-LRV |
| | ) | |
| EXIST X, INC., et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PARTIAL OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendants ExistX, Inc., Galois, Inc., and Robert Wiltbank (collectively, "Defendants"),

by counsel, file this Partial Opposition to Laura Robinson's ("Plaintiff") Motion for Leave to

Amend the Complaint. (Motion to Amend (ECF No. 29)). Defendants submit this response in

accordance with this Court's May 5, 2026, order.[1] (Order, May 5, 2026 (ECF No. 31)).

Defendants do not oppose Plaintiff amending her Complaint to add claims that are now

administratively exhausted, and therefore do not contest Plaintiff adding Counts VII, VIII, and IX.

However, Defendants oppose Plaintiff's request to amend the claims that—as described in

Defendants' Partial Motion to Dismiss—are barred as a matter of law. Because every claim

identified in Defendants' Partial Motion to Dismiss is *still* deficient as a matter of law in Plaintiff's

proposed Amended Complaint, Plaintiff's Motion to Amend should be partially denied as futile.

---

[1] Defendants understand that the Court struck Plaintiff's Proposed Amended Complaint because
Plaintiff had not yet received leave from the Court before filing. Nonetheless, Defendants cite that
version of the Amended Complaint as it helps demonstrate the futility of Plaintiff's Motion to
Amend with respect to some of her claims.

1

## **RELEVANT FACTUAL BACKGROUND**

On September 11, 2025, Plaintiff filed a 328-paragraph Complaint, alleging retaliation, in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h) (Count I); retaliation, in violation of the Virginia Whistleblower Protection Act ("VWPA"), Va. Code § 40.1-27.3 (Count II); a violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d) (Count III); breach of contract (Count IV); defamation (Count V); and wrongful termination, in violation of Virginia public policy (Count VI). (Compl. (ECF No. 2)). In her Complaint, Plaintiff avowed that she would "move to amend her instant lawsuit to include claims under Title VII and the Virginia Human Rights Act and related retaliation claims" once she exhausted her administrative remedies. (Compl. (ECF No. 2) at 2 n.1).

On November 5, 2025, Defendants filed a Partial Motion to Dismiss, targeting only Plaintiff's claims that were clearly subject to dismissal. (Mot. to Dismiss (ECF No. 23)). Specifically, Defendants asked this Court to dismiss Plaintiff's EPA and *Bowman*[2] claims as to all Defendants, and Plaintiff's claims under the FCA, the VWPA, and for breach of contract as to Defendant Wiltbank specifically. (*Id.* at 5-12).

Plaintiff now files a Motion to Amend, seeking to add her now-exhausted claims, fix the claims that Defendants identified as legally and factually deficient, and asks the Court to deny Defendants' Partial Motion to Dismiss as moot. (Motion to Amend at 1-3). Plaintiff's 408-paragraph proposed Amended Complaint confirms that Plaintiff did not remove any of the claims that Defendants identified as deficient and instead attempts to cure the deficiencies. (*See* Proposed Amended Compl. (ECF No. 30)).

---

[2] *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) grants a party the right to "amend its pleading once as a matter of course" if done within 21 days after serving the pleading. Fed. R. Civ. P. 15(a)(1)(A). Outside this 21-day period, a party seeking to amend must obtain written consent from opposing counsel or leave of Court. Rule 15(a)(2). Leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Nevertheless, "a district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts are "are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).

## ARGUMENT

Beginning with the EPA, Defendants argue in their Partial Motion to Dismiss that Plaintiff did not meet the most basic step required to demonstrate a plausible EPA claim—namely, a male comparator who performed virtually identical work to Plaintiff and was paid more than Plaintiff. (Mot. to Dismiss at 5-7); *see Spencer v. Virginia State Univ.*, 919 F.3d 199, 203 (4th Cir. 2019) (noting that the EPA "requires *a comparator* to have performed work '*virtually identical*' . . . to the plaintiff's in skill, effort, and responsibility" (emphasis added)). In her proposed Amended Complaint, Plaintiff adds two purported comparators to support her EPA claim: Matt Bauer ("Mr. Bauer") and Ashwin Fisher ("Mr. Fisher"). (Proposed Amended Compl. at ¶¶ 336-46).

However, even by Plaintiff's own allegations, these individuals perform markedly different roles than Plaintiff. Plaintiff alleges that she was ExistX's CEO (*id.* ¶¶ 12, 42), and performed various functions, including "executive leadership, fundraising, operations, and compliance accountability," as well as some of the roles of a Chief Technology Officer ("CTO"), including "product-direction, licensing-structure, solution ideation, and technical strategy" (*id.* at ¶ 100). Meanwhile, Plaintiff alleges that Mr. Bauer was a "*fractional* Chief Technology Officer for ExistX while simultaneously employed as a full time Principal Scientist by Galois."[3] (*Id.* at ¶ 80; *see id.* ¶ 129). Plaintiff further alleges that Mr. Fisher was "a male CTO." (*Id.* at ¶ 103).

Plaintiff's own allegations show that she is comparing apples and oranges. Neither Mr. Bauer nor Mr. Fisher were CEOs. Instead, as alleged, Mr. Bauer was a fractional CTO and Principal Scientist, and Mr. Fisher was solely a CTO. As alleged, these are technical science-based roles that have nothing to do with Plaintiff's broader leadership and executive functions as a CEO. Indeed, Plaintiff's dedication to painting herself as a master-of-all who performed dozens of wide-ranging responsibilities cuts *against* finding that her EPA claim is plausible because it only stresses the distinctions between her role and the proposed alleged comparators. *See Wheatley v. Wicomico Cnty., Maryland*, 390 F.3d 328, 333 (4th Cir. 2004) ("In enacting the EPA, Congress chose the word equal over the word comparable in order to show that the jobs involved should be virtually identical, that is very much alike or closely related to each other." (internal quotation marks and ellipses omitted)). The Fourth Circuit has found that even identifying individuals with the "same title" was not necessarily sufficient to prove an EPA claim, further confirming the futility of Plaintiff's proposed amendments regarding different job titles and completely different job responsibilities. *See id.* at 333-34; *see also Spencer*, 919 F.3d at 204 ("[A] plaintiff may not rely

---

[3] A "fractional" executive is, definitionally, an executive who performs executive functions in only a reduced capacity, often on a part-time basis.

on broad generalizations at a high level of abstraction.")

At bottom, Plaintiff has alleged that she held a different role and had significantly different responsibilities when compared to Mr. Bauer and Mr. Fisher. Thus, Plaintiff's proposed amendment is futile, and her EPA claim should be dismissed as to all Defendants.

Turning to Plaintiff's *Bowman* claim, Defendants argued that Plaintiff could not allege a claim under *Bowman* because Plaintiff was improperly attempting to base her Bowman claim on federal law or on state laws for which there already existed a remedy. (*See* Mot. to Dismiss at 7-9). Plaintiff appears to agree with Defendants' Motion to Dismiss, as her Proposed Amended Complaint drops every reference to law she made in her initial Complaint. (*Compare* Compl. ¶ 323, *with* Proposed Amended Compl. ¶¶ 363-73). Plaintiff now appears to rely on the alleged public policy implicated by the Virginia Public Procurement Act ("VPPA"). (Proposed Amended Compl. ¶ 265). However, there is zero support for the VPPA providing a cause of action under *Bowman*. Indeed, both this Court and Virginia courts have become increasingly skeptical to apply *Bowman* and read a vague public policy right of action to every conceivable state law.[4] *See Williams v. Virginia, State Bd. of Elections*, No. 3:11CV863-HEH, 2012 WL 2878579, at *8 (E.D. Va. July 13, 2012) ("In considering post-*Bowman* cases, the Virginia courts have consistently construed this exception very narrowly."); *see also John C. Holland Enters., Inc. v. J.P. Mascaro & Sons, Inc.*, 653 F. Supp. 1242, 1247 (E.D. Va. 1987) (disallowing a cause of action because the VPPA did not expressly permit it, and stating "this Court feels that Virginia would not permit this cause of action to go forward, absent a clear statutory or judicial mandate")*, aff'd*, 829 F.2d 1120 (4th Cir. 1987). Therefore, Plaintiff's attempt to amend her *Bowman* claim is futile, and the Court

---

[4] Plaintiff's Response to Defendants' Motion to Dismiss likewise did not identify a single authority to support her novel position that the VPPA permits a *Bowman* action. (*See* P's Response to Mot. to Dismiss (ECF No. 26) at 8-11).

should deny her attempt to amend her Complaint on this basis.

Defendants next turn to the claims against Mr. Wiltbank. In Defendants' Motion to Dismiss, Defendants demonstrate that there is no individual liability under the FCA or the VWPA as a matter of law, meaning those claims must be dismissed against Mr. Wiltbank. (*See* Mot. to Dismiss at 11-15). On these claims, it is not immediately clear that Plaintiff made any attempt to remedy the deficiencies in the Complaint. To be fair, it is not possible for Plaintiff to remedy these claims. As Defendants explained, the FCA does not permit suits against individuals. *See, e.g.*, *United States ex rel. Strubbe v. Crawford Cnty. Mem'l Hosp.*, 915 F.3d 1158, 1167 (8th Cir. 2019) ("[N]umerous courts . . . hold that the FCA does not create individual liability."); *Howell v. Town of Ball*, 827 F.3d 515, 529-30 (5th Cir. 2016) (holding that retaliatory termination under § 3730(h) does not apply to individuals); *Brach v. Conflict Kinetics Corp.*, 221 F. Supp. 3d 743, 749 (E.D. Va. 2016) ("[T]he text of § 3730(h), read as a whole, forecloses the argument that a supervisor may be sued in his individual capacity."); *see id.* at 748 (citing dozens of cases and finding that "the overwhelming majority of courts, including the Fifth Circuit [in *Howell*], have held that the current version of § 3730(h) does not create a cause of action against supervisors sued in their individual capacities" (footnotes omitted)).

The VWPA likewise does not permit individual liability because Mr. Wiltbank was not Plaintiff's "employer," as that term is defined under Virginia law. *See, e.g.*, *Moschetti v. Off. of the Inspector Gen.*, No. 3:22-CV-24–HEH, 2022 WL 3329926, at *10 (E.D. Va. Aug. 11, 2022) ("While Westfall supervised Moschetti at OSIG, he did not *employ* her within the meaning of that statute."). Because it is clear that Plaintiff's attempt to amend these claims is futile, the Court should deny amendment and grant Defendants' Motion to Dismiss.

Finally, Plaintiff's request to amend is futile with respect to her breach of contract claim

against Mr. Wiltbank specifically. Again, Plaintiff's proposed Amended Complaint could not possibly cure this deficiency because there is no plausible interpretation that Mr. Wiltbank signed the offer letter in his personal capacity or that he would be personally liable for breach of the letter. Plaintiff alleges that she received an offer letter from ExistX, and that she was employed by ExistX. (*See* Proposed Amended Compl. ¶ 34 ("ExistX, Inc. tendered a formal offer of employment to Plaintiff for the role of Chief Executive Officer."); *see id.* ¶ 8 ("Plaintiff is a woman over the age of 18, who was employed as the CEO of ExistX."). Plaintiff elected to plead all claims against all Defendants, regardless of the appropriateness of said claims, and now attempts to defend this kitchen sink approach. Because this claim is not plausible against Mr. Wiltbank, the Court should deny leave to amend this claim and grant Defendants' Partial Motion to Dismiss.

## CONCLUSION

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to Amend to the extent she attempts to re-plead the deficient claims identified in Defendants' Partial Motion to Dismiss. Instead, the Court should dismiss those claims because they are barred as a matter of law.

Dated: May 12, 2026

Respectfully submitted,
**EXISTX, INC.,**
**GALOIS, INC.,** and
**ROBERT WILTBANK**

*/s/ Amy M. Pocklington*
Amy M. Pocklington (VA Bar No. 45233)
amy.pocklington@ogletreedeakins.com
Sebastian L. Brana (VA Bar No. 95703)
sebastian.brana@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC
901 East Byrd Street, Suite 1300
Richmond, VA 23219
Tel.: (804) 663-2330
Fax: (804) 225-8641
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of May, 2026, I electronically filed the foregoing with

the clerk of the court using the CM/ECF system, which will send notification of same to counsel

for Plaintiff:


Pamela Michelle Keith
pamkeith@centerforemploymentjustice.com
Ray Keith Gordineer, Jr.
raygordineer@centerforemploymentjustice.com
CENTER FOR EMPLOYMENT JUSTICE, LLC
650 Massachusetts Ave. NW, Suite 600
Washington, DC 20001
202-800-0292

Thomas J. Curcio (VSB #23016)
CURCIO LAW
700 North Fairfax Street, Suite 505
Alexandria, Virginia 22314
tcurcio@curciolaw.com
703-836-3366

*Counsel for Plaintiff*


/s/ *Amy Pocklington*
*Counsel for Defendants*