**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| LAURA JANE ROBINSON, | ) | |
| | ) | CIVIL ACTION |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:25-cv-01524-RDA-LRV |
| | ) | |
| v. | ) | |
| | ) | |
| EXIST X., INC., et al. | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**PLAINTIFF'S REPLY BRIEF
IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND**

Comes now Plaintiff, by and through undersigned counsel, with her Reply brief in Support of her Motion for Leave to Amend, and states as follows:

**INTRODUCTION**

Plaintiff seeks leave to file her First Amended Complaint for two straightforward reasons: to add claims that are now administratively exhausted, and to clarify allegations responsive to issues Defendants raised in their pending Partial Motion to Dismiss. Plaintiff's original Complaint expressly advised Defendants that claims would be added once administrative exhaustion was complete; the EEOC issued Plaintiff's Notice of Right to Sue on February 3, 2026; and Plaintiff timely moved for leave on May 4, 2026. The proposed amendment adds no new defendants and arises from the same employment relationship, the same alleged discriminatory and retaliatory course of conduct, and the same termination already at issue in this case.

Defendants now attempt to repackage the arguments from their Partial Motion to Dismiss as an opposition to amendment. Their opposition does not identify prejudice, bad faith, undue delay, or any schedule related concern. Instead, Defendants rely solely on futility and ask the Court to adjudicate selected claims on the merits before the First Amended Complaint becomes the operative pleading.

1

That is not the proper function of Rule 15. Plaintiff's proposed amendment directly responds to the asserted pleading deficiencies by adding exhausted statutory claims, identifying male comparators and compensation facts relevant to the Equal Pay Act claim, expressly grounding the Bowman claim in Virginia public procurement policy, and clarifying allegations regarding Defendants' unified control and Defendant Wiltbank's role in the alleged misconduct.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court and Fourth Circuit apply this standard liberally, and leave should be denied only for reasons such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The burden is on the Defendant to establish that the court has sufficient basis to overcome the presumption that leave should be granted. Said another way, the court in *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir.1986)) held:

> Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."

Futility is a narrow exception to Rule 15's liberal amendment policy. A proposed amendment is futile only where it is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986); *Save Our Sound OBX, Inc.* v. *N. Carolina Dep't of Transportation*, 914 F.3d 213, 228 (4th Cir. 2019). Although courts may consider whether a proposed amended claim would survive Rule 12(b)(6) scrutiny, that inquiry does not displace Rule 15's presumption in favor of amendment. Rule 12(b)(6) informs futility only where the defect is apparent from the face of the

proposed pleading and is not cured by the amendment.

Accordingly, futility is not a full merits review, nor is it an invitation to resolve factual disputes, weigh competing inferences, or decide contested legal theories before the amended pleading becomes operative. Courts in this Circuit recognize that the merits are relevant to a Rule 15 motion only where the proposed amendment "may clearly be seen to be futile." *Wonasue v. Univ. of Maryland Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013). The mere prospect that a defendant may later raise Rule 12 arguments does not justify denying leave. *Crago v. Cap. Advantage Fin. & Dev., Inc.*, 242 F.R.D. 341, 344 (D.S.C. 2007).

## ARGUMENT

### I.    Defendants have not met Rule 15's narrow futility standard.

Defendants do not argue prejudice, bad faith, undue delay, repeated failure to cure, disruption of the litigation, or the need for duplicative discovery. The omission of these is significant. Bad faith and prejudice are the first two factors considered in a Rule 15 factor test. *See  Laber* 438 F.3d at 428 showing the court's analysis process. Just like in that case the Defendants here neither allege, nor are prejudiced or faced with an amendment filed in bad faith. The proposed First Amended Complaint adds no new defendants and arises from the same employment relationship, same alleged discriminatory and retaliatory course of conduct, and same termination already at issue. Plaintiff's original Complaint also placed Defendants on notice that claims would be added once administrative exhaustion was complete.

Defendants instead rely solely on futility. However, futility is not established by recycling arguments from a pending Rule 12 motion. Nor does the existence of a pending Rule 12 motion negate Plaintiff's right to amend. The Fourth Circuit has emphasized that even after dismissal, summary judgment, or judgment, amendment may still be appropriate absent prejudice, bad faith, or futility. *See Laber* 438 F.3d at  427-428. Where, as here, an amendment adds facts and claims tied to the same

3

underlying events, and the opposing party was already aware of the conduct giving rise to those claims, Rule 15 favors allowing amendment so the operative pleading may be tested on its merits rather than foreclosed by pleading technicalities.

Accordingly, Defendants must do more than repackage their Partial Motion to Dismiss. They must show that the proposed First Amended Complaint is facially and incurably defective. They cannot make that showing. The First Amended Complaint adds exhausted statutory claims, identifies male comparators and compensation facts for the Equal Pay Act claim, expressly identifies the Virginia public policy supporting the Bowman claim, and clarifies allegations regarding Defendants' unified control and Defendant Wiltbank's role in the alleged misconduct. At minimum, those amendments are not "clearly insufficient or frivolous on [their] face," and Rule 15 requires that leave be granted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Leave to Amend the Complaint, direct that the proposed amended complaint be filed as the operative complaint as of May 4, 2026, deny Defendants' pending Partial Motion to Dismiss as moot, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

 _/s/ Thomas J. Curcio_____
Thomas J. Curcio (VSB #23016)
CURCIO LAW
700 North Fairfax Street, Suite 505
Alexandria, Virginia 22314
Telephone: (703) 836-3366
Facsimile: (703) 836-3360
Email: tcurcio@curciolaw.com

Pamela M. Keith (Pro Hac Vice)

4

Raymond K. Gordineer Jr. (Pro Hac Vice)
CENTER FOR EMPLOYMENT JUSTICE
650 Massachusetts Ave. NW Suite 600
Washington, DC 20001
Tel: (202) 800-0292
Fax: (202) 807-5725
pamkeith@centerforemploymentjustice.com
raygordineer@centerforemploymentjustice.com

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of May 2026, a true copy of the foregoing Plaintiff's Reply

Brief  In Support Of Her Motion For Leave To Amend was served via electronic court filing on counsel

of record:


Amy M. Pocklington (VA Bar No. 45233)
amy.pocklington@ogletreedeakins.com
Sebastian L. Brana (VA Bar No. 95703)
sebastian.brana@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC
901 East Byrd Street, Suite 1300
Richmond, VA 23219
Tel.: (804) 663-2330
Fax: (804) 225-8641
*Counsel for Defendants*

/s/ Thomas J. Curcio
*Counsel for Plaintiff*

6